| | |
|---|---|
| LEIGH ROSE, ) | |
| ) | |
| Plaintiff, ) | No.   1:10-cv-812 |
| ) | |
| vs. ) | |
| ) | **JURY DEMAND ENDORSED HEREON** |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC., TRANS UNION ) | |
| LLC and CHASE CARDHOLDER ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, LEIGH ROSE, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendants, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC and CHASE CARDHOLDER SERVICES, INC., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.     This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereinafter the "FCRA"), 15 U.S.C. § 1681, *et seq*.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. § 1331 and 28 U.S.C. § 1337.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

3. Plaintiff is an individual who at all pertinent times resided in Greensboro, North Carolina.

4. On information and belief, Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") is a corporation of the State of Ohio, which is licensed to do business in North Carolina and which has its principal place of business in Costa Mesa, California.

5. On information and belief, Defendant TRANS UNION LLC (hereinafter "Trans Union") is a limited liability company of the State of Delaware, which is licensed to do business in North Carolina and which has its principal place(s) of business in Charlotte, North Carolina and/or Chicago, Illinois.

6. On information and belief, Defendant CHASE CARDHOLDER SERVICES, INC. (hereinafter "Chase") is a corporation of the State of Delaware, which is not licensed to do business in North Carolina and which has its principal place of business in Wilmington, Delaware.

## ALLEGATIONS

7. Chase has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, including but not limited to Experian and Trans Union.

8. Chase is aware that the credit reporting agencies to whom they are providing this information are going to disseminate this information to various other persons or third parties who will be reviewing this information for the purpose of extending to Plaintiff credit, insurance, employment, etc.

9. The inaccurate information being provided by Chase as alleged above is an account, or trade-line, that reflects Plaintiff's alleged history of credit with Chase. Specifically, Plaintiff asserts that the alleged account with Chase should never have existed, as the account in question was sold by its prior owner, Washington Mutual, Inc. to Arrow Financial Services, LLC prior to the date upon which it was allegedly sold to Chase. However, Chase has disseminated information that said account is being reported accurately as belonging to Plaintiff.

10. The inaccurate information described above negatively reflects upon the Plaintiff, her credit repayment history, her financial responsibility as a debtor, her credit-worthiness, etc.

11. Plaintiff's credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

12. On or about February 15, 2010, Plaintiff began disputing this inaccurate information with Chase and with the credit reporting agencies to which Defendant provided said information, including but not limited to Experian and Trans Union. Plaintiff disputed the inaccurate information through written communications to Defendants' representatives and by following Experian and Trans Union's established procedures for disputing consumer credit information.

13. Upon information and belief, within five days of Plaintiff's notification of her dispute to Experian and Trans Union, said credit reporting agencies notified Chase of Plaintiff's dispute and of the nature of her dispute.

14. Chase then and there owed a duty to Plaintiff to assist the credit reporting agencies, including but not limited to Experian and Trans Union, in a re-investigation into the disputed facts that were being reported about Plaintiff. Further, Experian and Trans Union then

and there owed a duty to Plaintiff to cease reporting any information about Plaintiff's alleged account with Chase, which was clearly incorrect.

15. Notwithstanding Plaintiff's efforts and Chase's duties, Chase continued publishing the inaccurate information described above. Chase continued to publish and disseminate such inaccurate information to credit reporting agencies, including but not limited to Experian and Trans Union, who continued to report the inaccurate information on Plaintiff's credit reports.

16. Despite Plaintiff's efforts to date, Defendants have nonetheless repeatedly, deliberately, willfully, intentionally, recklessly and negligently failed to perform reasonable re-investigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information from Plaintiff's credit reports, have failed to note the disputed status of the inaccurate information, and have continued to report the derogatory inaccurate information about Plaintiff.

17. As a result of Defendants' actions as aforesaid, Plaintiff has been damaged and continues to be damaged in many ways, including but not limited to the following:

    a. Out-of-pocket expenses associated with disputing the information, only to find the information remained on Plaintiff's credit reports;

    b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people and entities, both known and unknown; and

    c. Decreased credit scores which may result in Plaintiff's inability to obtain credit on future attempts to do so.

18. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the course and scope of their agency and/or employment, and under the direct supervision and control of Defendants.

19. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless and in grossly negligent disregard for federal and state laws and the rights of Plaintiff.

20. At all times pertinent hereto, Plaintiff was a "consumer," as defined by 15 U.S.C. § 1681a(c).

21. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports," as defined by 15 U.S.C. § 1681a(d).

22. At all times pertinent hereto, Defendants were "persons," as defined by 15 U.S.C. § 1681a(b).

23. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2 and 1681i:

   a. Willfully and/or negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b. Willfully and/or negligently failing to review all relevant information concerning Plaintiff's accounts which was provided to Defendants;

   c. Willfully and/or negligently reporting the inaccurate status of the information to all credit reporting agencies;

   d. Willfully and/or negligently failing to properly participate, investigate and comply with the re-investigations that were conducted by any and all

credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

e. Willfully and/or negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff, despite knowing that said information was inaccurate;

f. Willfully and/or negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2; and/or

g. Willfully and/or negligently failing to comply with the requirements imposed on consumer reporting agencies pursuant to 15 U.S.C. § 1681i.

24. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff as outlined above, and as a result, Defendants are liable to Plaintiff for all statutory, actual and punitive damages, along with attorneys' fees and litigation costs, as well as such other relief permitted by law.

WHEREFORE, Plaintiff, LEIGH ROSE, by and through her attorneys, respectfully prays for a judgment in Plaintiff's favor and damages against the Defendants, based upon the following requested relief:

a. All actual damages suffered by Plaintiff;

b. Statutory damages of $1,000 from each Defendant for each violation of the FCRA;

c. Punitive damages;

d. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

e. An order directing that Defendants immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

f. An order directing that Defendants send Plaintiff's updated and corrected credit report information to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years; and

g. Such other and further relief as may be necessary, just and proper.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ M. Lynette Hartsell
M. Lynette Hartsell (9845)
Attorney for Plaintiff
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 493-0770, ext. 305 (phone)
(866) 551-7791 fax
Lynette@LuxenburgLevin.com